| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ALEJANDRO GARCIA-LAGUNAS, ) | |
| also known as ALEX FUENTES, ) | |
| Defendant. ) | |

This matter is before the court *sua sponte*. The court is concerned that a legal error occurred during Fuentes's trial that may substantially affect Fuentes's sentencing.

**FACTUAL AND PROCEDURAL HISTORY**

Fuentes was charged in an Indictment [DE-1] with one count of conspiracy to distribute or possess with the intent to distribute 500 grams or more of cocaine, in violation 21. U.S.C. § 846, and one count of improper reentry by a deported alien, in violation of 8 U.S.C. § 1326. At his arraignment on May 13, 2013, Fuentes pleaded not guilty to Count 1 and guilty to Count 2. Fuentes proceeded to trial on May 20, 2013 and the jury found him guilty of Count 1.

At the charge conference in which the parties and the court reviewed an initial draft of the jury instructions, the lawyers for both parties argued that the jury did not need to make any special findings regarding the amount of cocaine attributable to Fuentes for purposes of sentencing. The parties maintained that the Indictment's charge that Fuentes knowingly and intentionally conspired with others to distribute 500 grams or more of cocaine was sufficient for purposes of sentencing to set Fuentes's maximum sentence at life imprisonment under 21 U.S.C. § 841(b)(1)(A). Both parties indicated that if the jury found that Fuentes individually was

responsible for less than 500 grams of cocaine, then they should simply find him not guilty because the Indictment charges a conspiracy to distribute 500 grams or more of cocaine. The court agreed with the lawyers argument at that time, and the verdict sheet submitted to the jury read as follows: "We, the Jury, unanimously find as to Count One of the Indictment that the defendant, Alex Fuentes, is _____Guilty, _____Not Guilty." The court instructed the jury that in order to convict Fuentes of conspiracy to distribute 500 grams or more of cocaine, the jury must find beyond a reasonable doubt:

> First: that two or more persons in some way or manner, came to a mutual understanding to try to accomplish the common and unlawful plan of distributing or possessing with the intent to distribute five-hundred (500) grams or more of cocaine; and second: that the defendant knowingly became a member of that conspiracy.

Jury Instructions p. 19. The jury was not instructed to make any findings regarding the amount of cocaine individually attributable to Fuentes as a member of the conspiracy.

## ANALYSIS

After further reflection and some research, the court is concerned that the verdict sheet and the jury instructions were erroneous for purposes of setting Fuentes's statutory sentencing range. Specifically, the court is concerned that the jury did not make any findings regarding the amount of cocaine individually attributable to Fuentes as a member of the conspiracy beyond a reasonable doubt.

In *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005), the Fourth Circuit held that in drug conspiracy cases, the jury must make a finding of the drug quantity specifically attributable to the individual defendant as a member of the conspiracy for purposes of calculating the appropriate sentence under 21 U.S.C. § 841(b). *Collins*, 415 F.3d at 314. As the Fourth Circuit explained, the amount charged in the indictment is the amount attributable to the entire

2

conspiracy and that amount cannot serve as the drug quantity attributable to the individual defendant for purposes of calculating the maximum sentence under § 841:

> By failing to instruct the jury in a manner consistent with our holding in *Irvin* (i.e. that, for purposes of setting a specific threshold drug quantity under § 841(b), the jury must determine what amount of cocaine base was attributable to Collins using *Pinkerton* principles), the district court's sentence effectively attributed to Collins, an individual member of the conspiracy, the quantity of cocaine base distributed by the entire conspiracy. Because the district court adopted the jury's drug quantity determination [which the jury arrived at by considering the amount of drugs attributable to the entire conspiracy, after the court specifically instructed them to do so] in its application of the sentencing guidelines, the error affected both the threshold statutory range under § 841(b) and the district court's application of the guidelines. For these reasons, the district court's *sentence*, which was based on the 10 year minimum set forth in § 841(b)(1)(A), cannot stand.

*Id.* Thus, under this court's reading of *Collins*, in drug conspiracy cases the jury must find beyond a reasonable doubt the quantity of cocaine attributable to the individual defendant as a member of the conspiracy for purposes of sentencing under § 841(b).[1] *Id.* at 313-14.

---

[1] The *Collins* court does not specifically define the phrase "amount of narcotics attributable to that defendant," *Collins*, 415 F.3d at 313, other than to say "the jury must determine what amount of cocaine base was attributable to [the defendant] using *Pinkerton* principles." *Id.* at 314. Subsequent case law has clarified that "in order for the statutory maximums and mandatory minimums of § 841(b) to apply in a drug conspiracy case, the jury must determine that the threshold drug amount was reasonably foreseeable to the individual defendant." *United States v. Foster*, 507 F.3d 233, 250-51 (4th Cir. 2007). The court is at a loss as to how a defendant may knowingly join a conspiracy to distribute more than 500 grams of cocaine, and nevertheless the jury can find the same defendant did not reasonably foresee that the conspiracy involved more than 500 grams of cocaine. *See United States v. Brooks*, 524 F.3d 549, 570 (4th Cir. 2008) (Niemayer, J. dissenting) ("In short, conspiracy liability attaches upon entering into an illegal agreement and, after *Promise*, the object of a drug conspiracy under 21 U.SC. § 846 must be one of three offenses: (1) the base-level substantive offense under § 841(a) and § 841(b)(1)(C); (2) an 'aggravated' offense under § 841(a) and 841(b)(1)(B); or (3) a more 'aggravated' offense under § 841(a) and § 841(b)(1)(A). As such, *every* member of a given conspiracy is convicted of the same conspiracy—i.e., the same agreement to accomplish the same object offense [of which, the statutory threshold drug amount is an element of the offense that must be submitted to the jury and proved beyond a reasonable doubt]—and therefore is properly subject to the same statutory range of punishments, not individualized ranges, as the majority holds.").

Where, as here, the district court fails to submit the question of the drug quantity individually attributable to the defendant to the jury, the Fourth Circuit is left in a difficult position. The conviction pursuant to 21 U.S.C. § 846 is sound because the defendant has been found guilty of conspiracy to violate 21 U.S.C. § 841(a) (distribution of narcotics) beyond a reasonable doubt and no finding regarding drug quantity is necessary to sustain a conviction under § 846. But for purposes of sentencing, there is no jury finding regarding the amount of narcotics individually attributable to the defendant as a member of the conspiracy. As the Fourth Circuit explained,

> Having determined that the district court's failure to issue appropriate jury instructions concerning the facts necessary to determine Collins' sentence, we turn to the more difficult question of fashioning the appropriate remedy. As we have already made clear, Collins' conviction under § 846 is sound. The jury unanimously found Collins to be guilty of a conspiracy to distribute crack cocaine (*i.e.* a conspiracy to violate § 841(a)). Guilt of the substantive offense defined in § 841(a) is not dependent upon a determination of the amount or type of narcotics distributed. Therefore, the error below concerns not § 841(a), but the penalty provisions of § 841(b). Because the conviction of conspiracy to violate § 841(a) is sound, remanding for a new trial is not the appropriate remedy. It is also clear that remanding the case for resentencing, and permitting the district court to determine the quantity of cocaine base for § 841(b) purposes, would be inconsistent with the Sixth Amendment. *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.

*Id.* at 314 (some internal citations omitted). The Fourth Circuit ultimately provided the Government with a choice as to the appropriate remedy:

> We will withhold judgment as to the conspiracy count for thirty days. The Government may elect to request that we affirm the conspiracy conviction and remand for Collins to be resentenced under the default provision in § 841 that applies when the amount of crack cocaine attributable to a defendant is less than 5 grams, 21 U.S.C. § 841(b)(1)(C) (providing for a range of zero to 20 years imprisonment [the lowest statutory imprisonment range]), or the Government can request that we reverse Collins conspiracy conviction and remand for a new trial.

*Id.* at 315.

Despite a fair amount of criticism and a forceful argument from Judge Niemayer that the Fourth Circuit should overturn *Collins*, it remains good law in this circuit. *United States v. Brooks*, 524 F.3d 549, 559 (4th Cir. 2008) ("The *Collins* legal principles remain sound, and, . . . we reject the Government's post-argument assertion that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), renders them inoperative); *United States v. Foster*, 507 F.3d 233, 251 n.1 (4th Cir. 2007) ("We express no opinion on the strength of the reasoning of these cases [holding that *Apprendi* does not require the jury to find drug quantities for individual co-conspirators in a drug conspiracy case beyond a reasonable doubt because each co-conspirator is liable for the entire amount charged in the indictment, at a minimum, under conspiracy law principles]. *Collins* is the law in our circuit, and, as a panel of this court, we are bound to follow it."). Moreover, in both *Foster* and *Brooks*, the Fourth Circuit held that a *Collins* error committed by the district court affects a defendant's substantial rights, is not a harmless error, and is subject to review on appeal.[2] *Foster*, 507 F.3d at 249-52; *Brooks*, 524 F.3d at 561.

---

[2] In *Foster*, the court exercised its discretion under the plain error standard of review and refused to remand for resentencing despite the *Collins* error. The relevance of this standard of review and the court's decision to affirm Foster's sentence despite the *Collins* error will be discussed in more detail below.

5

Here, the court is concerned that it committed a *Collins* error.[3] The court instructed the jury that in order to convict Fuentes of conspiracy to distribute cocaine, the jury must find beyond a reasonable doubt:

> First: that two or more persons in some way or manner, came to a mutual understanding to try to accomplish the common and unlawful plan of distributing or possessing with the intent to distribute five-hundred (500) grams or more of cocaine; and second: that the defendant knowingly became a member of that conspiracy.

Jury Instructions p. 19. The final instruction entirely fails to instruct the jury that it must find beyond a reasonable doubt the amount of cocaine attributable to Fuentes individually, or the amount reasonably foreseeable to him that members of the conspiracy intended to distribute. And as explained above, the verdict form [DE-81] contains no instruction to the jury that they must find the amount of cocaine individually attributable/reasonably foreseeable to Fuentes.

Frankly, the court is not sure how to proceed at this point. One option is to give the Government the same opportunity the Fourth Circuit gave it in *Collins*: either consent to the statutory sentencing range contained § 841(b)(1)(C) (*i.e.* the lowest sentencing range for a cocaine offense, corresponding to "a quantity of") or request a new trial. Had Fuentes objected to the Government's argument that a special verdict form was not needed or to the final jury

---

[3] The court notes here that the error was entirely preventable. Prior to trial, the court provided proposed jury instruction to the parties that included a special verdict form that would have required the jury to find the amount of cocaine individually attributable to Fuentes. In addition, the proposed instructions also contained an instruction explaining that on the verdict form, the jury must find beyond a reasonable doubt the amount of cocaine individually attributable to Fuentes, or at least reasonably foreseeable to him as a member of the conspiracy. At the charge conference, both parties advised the court that the special verdict form was not needed because the drug quantity was charged in the indictment. As *Collins* makes clear, however, a special verdict form is required in a drug conspiracy case for purposes of establishing the statutory sentencing range. The court understands, however, that in the midst of trial it may not be practicable to expect the lawyers to know this complex body of law. The court also notes that it ultimately accepted the lawyer's arguments, unaware that the special verdict form was required in the case, and it shares responsibility for the error.

6

instructions, then this would clearly be the appropriate remedy. However, Fuentes did not object, and in fact he consented to the final verdict form and the final copy of the jury instructions. If this issue were on appeal at the Fourth Circuit, Fuentes would be restricted to plain error review. *Foster*, 507 F.3d at 249.

In *Foster*, the Fourth Circuit affirmed a drug conspiracy sentence despite the district court's failure to provide a *Collins* instruction. *Id.* at 252. Because Foster failed to object to the jury charge in the district court, the Fourth Circuit reviewed only for plain error. *Id.* at 249. Under *United States v. Olano*, 507 U.S. 725 (1993), the Fourth Circuit has discretion not to "notice the error" when reviewing for plain error: "[Because Foster failed to object at trial], we must decide whether to exercise our discretion to notice the *Collins* error." *Foster*, 507 F.3d at 252. In refusing to "notice the error," the Fourth Circuit explained,

> As in [*United States v. Cotton*, 535 U.S. 625 (2002)], the evidence evidencing that Foster was responsible for in excess of fifty grams of crack was overwhelming and essentially uncontroverted. . . . Unquestionably, if the jury was properly instructed per *Collins*, the government's overwhelming evidence of the substantial quantities of crack reasonably foreseeable to Foster would have set the maximum sentence at life imprisonment . . . .

*Id.* The *Foster* court concluded that because the record overwhelmingly supported a finding that Foster individually was responsible for conspiring to distribute more than fifty grams of cocaine base, the court could decline to notice the error because the error would not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732.

7

## CONCLUSION

At this stage, the court finds that the most prudent course is to have the parties brief the issue. The post trial briefs should address the following issues:

1. Did a *Collins* error occur in this case? The parties are specifically instructed to address *Collins* and *Brooks* (citations provided above) and any other additional case law the parties believe may be relevant.

2. Whether, under *Foster*, this court may decline to notice the error? As to this issue, the parties should discuss whether the evidence in the record overwhelmingly establishes that it was reasonably foreseeable to Fuentes that the conspiratorial agreement involved over 500 grams of cocaine. The parties should also address the issue of whether it is appropriate for a district court to engage in plain error review. The plain language of Federal Rule of Criminal Procedure 52 does not seem to limit plain error review to appellate courts, but the court has not researched this issue.

3. Any other issues the parties feel may be relevant.

4. In the event the Government consents to the lowest possible sentence range provided for a cocaine conviction, *see* § 841(b)(1)(C) (corresponding to "a quantity of cocaine"), then the issue is moot and the court can simply proceed to sentencing. The court assumes the Government does not want to make this concession and will argue that the *Collins* error did not occur or that the court can decline to notice the error under *Foster*. However, should the Government consent to the § 841(b)(1)(C) sentence range (zero to twenty years), the Government is instructed to notify the court and opposing counsel as soon as possible.

The briefing should be limited to approximately twenty pages, exclusive of any exhibits.[4] The briefing from both parties is due by **July 15, 2013**. The court will consider requests for extensions of this deadline. At this stage, the court does not see a need to allow responses, but the court will also consider requests to file responses, if the either party feels they are necessary.

SO ORDERED.

This the 3rd day of June, 2013

                                                          James C. Fox
                                                        JAMES C. FOX
                                                        Senior United States District Judge

---

[4] The court will provide the parties with electronic copies of the initial proposed jury instructions and the final draft of the jury instructions. The court also notes the parties are free to submit less than twenty pages.