UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-376-F1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ALEJANDRO GARCIA-LAGUNAS, ) | |
| also known as ALEX FUENTES, ) | |
| Defendant. ) | |

This matter is before the court on the parties post-trial briefs regarding a potential jury instruction error that occurred during Fuentes's trial. By its June 3, 2013 Order [DE-84], the court *sua sponte* requested briefing from the parties regarding whether the court's jury instructions contained an error under the Fourth Circuit's decision in *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). The court has received the requested briefing [DE-91, -92, -94] and the matter is now ripe for resolution. For the reasons explained below, the court agrees with the Government that no *Collins* error occurred in this case and the court will therefore proceed to sentence Fuentes within the five to forty-year imprisonment range provided for in 21 U.S.C. § 841(b)(1)(B).

**FACTUAL AND PROCEDURAL HISTORY**

Fuentes was charged in an Indictment [DE-1] with one count of conspiracy to distribute or possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of improper reentry by a deported alien, in violation of 8 U.S.C. § 1326. At his arraignment on May 13, 2013, Fuentes pleaded not guilty to count one and guilty to count two. Fuentes proceeded to trial on May 20, 2013 and the jury found him guilty of count one.

At the charge conference in which the parties and the court reviewed an initial draft of the jury instructions, the Government contended that the jury did not need to make any special findings regarding the amount of cocaine individually attributable to Fuentes as a member of the conspiracy for purposes of sentencing. The Government maintained that the Indictment's charge that Fuentes knowingly and intentionally conspired with others to distribute 500 grams or more of cocaine was sufficient for purposes of setting Fuentes's statutory sentencing range at the five to forty-year range provided for in § 841(b)(1)(B). At the charge conference, Fuentes agreed with the Government's position that a jury finding regarding the amount of cocaine individually attributable to Fuentes was not necessary in this case. Both parties agreed that if the jury found that Fuentes individually was responsible for less than 500 grams of cocaine, then they should simply find him not guilty because the Indictment charges a conspiracy to distribute 500 grams or more of cocaine. The court agreed with the lawyers' arguments at that time, and the verdict sheet submitted to the jury read as follows: "We, the Jury, unanimously find as to Count One of the Indictment that the defendant, Alex Fuentes, is _____Guilty, _____Not Guilty." The court instructed the jury that in order to convict Fuentes of conspiracy to distribute 500 grams or more of cocaine, the jury must find beyond a reasonable doubt:

> First: that two or more persons in some way or manner, came to a mutual understanding to try to accomplish the common and unlawful plan of distributing or possessing with the intent to distribute five-hundred (500) grams or more of cocaine; and second: that the defendant knowingly became a member of that conspiracy.

Jury Instructions p. 19. The jury was not instructed to make any findings regarding the amount of cocaine individually attributable to Fuentes as a member of the conspiracy.

## ANALYSIS

### A. Potential *Collins* error

After some research, the court requested briefing from the parties on the issue of whether the jury instructions were erroneous under the Fourth Circuit's decision in *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). Specifically, the court was concerned that the jury did not make any findings regarding the amount of cocaine individually attributable to Fuentes as a member of the conspiracy.

In *Collins*, the Fourth Circuit held that in drug conspiracy cases, the jury must make a finding of the drug quantity specifically attributable to the individual defendant as a member of the conspiracy for purposes of calculating the appropriate sentence under 21 U.S.C. § 841(b). *Collins*, 415 F.3d at 314. As the Fourth Circuit explained, the drug quantity charged in the indictment is the amount attributed to the entire conspiracy and that amount cannot serve as the threshold drug quantity for purposes of calculating an individual defendant's maximum sentence under § 841(b):

> By failing to instruct the jury in a manner consistent with our holding in *Irvin* (i.e. that, for purposes of setting a specific threshold drug quantity under § 841(b), the jury must determine what amount of cocaine base was attributable to Collins using *Pinkerton* principles), the district court's sentence effectively attributed to Collins, an individual member of the conspiracy, the quantity of cocaine base distributed by the entire conspiracy. Because the district court adopted the jury's drug quantity determination [which the jury arrived at by considering the amount of drugs attributable to the entire conspiracy, after the court specifically instructed them to do so] in its application of the sentencing guidelines, the error affected both the threshold statutory range under § 841(b) and the district court's application of the guidelines. For these reasons, the district court's *sentence*, which was based on the 10 year minimum set forth in § 841(b)(1)(A), cannot stand.

3

*Id.* Thus, in most drug conspiracy cases, the jury must find beyond a reasonable doubt the quantity of cocaine attributable to the individual defendant as a member of the conspiracy for purposes of setting the statutory sentencing range under § 841(b). *Id.* at 313-14.

Where, as here, the district court fails to submit the question of the drug quantity individually attributable to the defendant to the jury, the court is left in a difficult position. The conviction pursuant to 21 U.S.C. § 846 is sound because the defendant has been found guilty of conspiracy to violate 21 U.S.C. § 841(a) (distribution of a controlled substance) beyond a reasonable doubt and no finding regarding drug quantity is necessary to sustain a conviction under § 846. *Collins*, 415 F.3d at 314. But for purposes of sentencing a defendant after a *Collins* error occurred, the court does not have a jury finding regarding the drug quantity individually attributable to the defendant as a member of the conspiracy. In these circumstances, the Fourth Circuit typically gives the Government a choice between remanding the case for resentencing under the default penalty provision corresponding to "a quantity of" the controlled substance, § 841(b)(1)(C), or having the Fourth Circuit reverse the conviction and remand for a new trial. *Collins*, 415 F.3d at 314-15.

*Collins* remains good law in this circuit. *United States v. Brooks*, 524 F.3d 549, 559 (4th Cir. 2008) ("The *Collins* legal principles remain sound, and . . . we reject the Government's post-argument assertion that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), renders them inoperative."); *United States v. Foster*, 507 F.3d 233, 251 n.12 (4th Cir. 2007) ("We express no opinion on the strength of the reasoning of these cases [holding that *Apprendi* does not require the jury to find drug quantities for individual co-conspirators in a drug conspiracy case beyond a reasonable doubt because each co-conspirator

4

is liable for the entire amount charged in the indictment, at a minimum, under conspiracy law principles]. *Collins* is the law in our circuit, and, as a panel of this court, we are bound to follow it."). Moreover, in both *Foster* and *Brooks*, the Fourth Circuit held that a *Collins* error committed by the district court can affect a defendant's substantial rights and is therefore typically not a harmless error, at least in the context of the particular facts of those cases.[1] *Foster*, 507 F.3d at 249-52; *Brooks*, 524 F.3d at 561.

In *Foster*, however, the Fourth Circuit affirmed a drug conspiracy sentence despite the district court's failure to provide a *Collins* instruction. 507 F.3d at 252. Because Foster failed to object to the jury charge in the district court, the Fourth Circuit reviewed only for plain error. *Id.* at 249. Under *United States v. Olano*, 507 U.S. 725 (1993), the Fourth Circuit has discretion not to "notice the error" when reviewing for plain error: "[Because Foster failed to object at trial], we must decide whether to exercise our discretion to notice the *Collins* error." *Foster*, 507 F.3d at 252. In refusing to "notice the error," the Fourth Circuit explained,

> As in [*United States v. Cotton*, 535 U.S. 625 (2002)], the evidence evidencing that Foster was responsible for in excess of fifty grams of crack was overwhelming and essentially uncontroverted. . . . Unquestionably, if the jury was properly instructed per *Collins*, the government's overwhelming evidence of the substantial quantities of crack reasonably foreseeable to Foster would have set the maximum sentence at life imprisonment . . . .

*Id.* The *Foster* court concluded that because the record overwhelmingly supported a finding that Foster was both directly responsible for distributing more than fifty grams of cocaine base and that it was reasonably foreseeable to Foster that the conspiracy involved more than fifty grams of

---

[1] In *Foster*, the court exercised its discretion under the plain error standard of review and refused to remand for resentencing despite the *Collins* error. The relevance of this standard of review and the court's decision to affirm Foster's sentence despite the *Collins* error will be discussed in more detail below.

5

cocaine base, the court could decline to notice the error because the error would not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732.

After Fuentes's jury verdict, but prior to sentencing, the court recognized that it may have committed a *Collins* error. At the trial, the court instructed the jury that in order to convict Fuentes of conspiracy to distribute cocaine, the jury must find beyond a reasonable doubt:

> First: that two or more persons in some way or manner, came to a mutual understanding to try to accomplish the common and unlawful plan of distributing or possessing with the intent to distribute five-hundred (500) grams or more of cocaine; and second: that the defendant knowingly became a member of that conspiracy.

Jury Instructions p. 19. The final instruction entirely failed to instruct the jury that it must find beyond a reasonable doubt the amount of cocaine attributable to Fuentes individually, or the amount reasonably foreseeable to him that members of the conspiracy intended to distribute.

Because jury instructions potentially contained a *Collins* error, the court instructed the parties to brief the following issues:

1. Did a *Collins* error occur in this case? The parties are specifically instructed to address *Collins* and *Brooks* (citations provided above) and any other additional case law the parties believe may be relevant.

2. Whether, under *Foster*, this court may decline to notice the error? As to this issue, the parties should discuss whether the evidence in the record overwhelmingly establishes that it was reasonably foreseeable to Fuentes that the conspiratorial agreement involved over 500 grams of cocaine. The parties should also address the issue of whether it is appropriate for a district court to engage in plain error review. The plain language of Federal Rule of Criminal Procedure 52

6

does not seem to limit plain error review to appellate courts, but the court has not researched this issue.

    3. Any other issues the parties feel may be relevant.

## B. Discussion

The court has received the parties' briefing and the issue is now ripe for resolution.[2] Relying on *United States v. Williams*, 439 F. App'x 254 (4th Cir. 2011), the Government's initial argument is that a *Collins* instruction was unnecessary in this case because the defendant was the sole person charged in the conspiracy and the Government's witnesses all testified that they had purchased cocaine from the defendant personally. *See id.* at 257. The Government maintains that *Collins* is inapplicable where there is no uncertainty regarding the defendant's role in the drug conspiracy.

This argument is convincing. The conspiracies in both *Collins* and *Brooks* involved large drug conspiracies and the evidence in both cases suggested that the drug distribution activities of other members of the conspiracy may not have been foreseeable to either Collins or Brooks themselves. *Collins*, 415 F.3d at 306, 311; *Brooks*, 524 F.3d at 553 & n.3. In both cases, it was necessary to dis-aggregate the drug quantity charged in the indictment, which applied to the conspiracy as a whole, and the drug quantity individually attributable to Collins and Brooks for purposes of establishing the threshold statutory sentencing range. *Collins*, 415 F.3d at 313-14; *Brooks*, 524 F.3d at 557. Because drug quantity can enhance the maximum statutory

---

[2] The court previously withheld ruling on the issue by order dated August 14, 2013 [DE-96]. The court found that the issue would be moot if the presentence report recommended a sentence under the twenty-year maximum provided for in § 841(b)(1)(C) and thus withheld ruling until the presentence report was completed. In the interim, defense counsel filed a motion to continue sentencing [DE-98] in which counsel indicated that the first draft of the presentence report finds that Fuentes's guideline imprisonment range is between 292 and 365 months imprisonment. Because the probation office's recommended guideline sentence is over twenty years, the court finds that the issue is now ripe for resolution.

7

imprisonment term or the mandatory minimum, the *Collins* court held that the jury must find beyond a reasonable doubt the drug quantity attributable (or reasonably foreseeable) to the individual defendant who is part of a larger drug conspiracy. *Alleyne v. United States*, 133 S. Ct. 2151, 2162-63 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Collins*, 415 F.3d at 313-14. However, when there is no uncertainty regarding the amount of cocaine the defendant distributed and no co-conspirators for the jury to consider, the drug quantity charged in the indictment can serve as the statutory sentencing threshold under § 841(b). *Williams*, 439 F. App'x at 257 (holding *Collins* instruction unnecessary where "Williams was the sole defendant charged in Count One [and] there were no co-conspirators for the jury to consider.").

Here, each of the cooperating witnesses who testified at trial indicated they purchased cocaine from Fuentes directly. Two of the witnesses testified they purchased over 500 grams of cocaine from Fuentes on multiple occasions, which is the statutory threshold for an elevated sentenced under § 841(b)(1)(B). There is simply no ambiguity regarding the amount of cocaine Fuentes individually distributed as a member of the conspiracy in this case, and, thus, no requirement that the jury distinguish the drug quantity attributable to the entire conspiracy from the drug quantity attributable to Fuentes himself for purposes of sentencing Fuentes. *See id.*

Furthermore, as in *Willliams*, there were essentially no co-conspirators for the jury to consider. Brian Jacobs was named in the original indictment, but his name was removed from the version of the indictment provided to the jury. As defense counsel points out, the indictment included the language that Fuentes conspired with "others known and unknown to the grand jury." However, that fact alone does not sufficiently place this case within the ambit of *Collins* and *Brooks*. The court agrees with the Government that it is the evidence developed at trial, not

8

the precise language included in the indictment, which triggers the need for a *Collins* instruction. Where, as here, the evidence at trial shows that Fuentes personally distributed all of the cocaine involved in the conspiracy, there is no need for a *Collins* instruction because there is no ambiguity regarding the amount of cocaine that Fuentes is individually accountable for. Thus, the court finds that it did not err when it neglected to include a *Collins* instruction.[3]

The court also finds that it may sentence Fuentes in the elevated range for an independent reason: Fuentes did not object to the court's proposed jury instructions at the charge conference. In fact, the court's initial draft of the proposed instructions contained a *Collins* instruction. However, Fuentes affirmatively agreed with the Government's position that the *Collins* instruction was not necessary because the indictment contained the relevant drug quantity for

---

[3] Fuentes's argument implies that a *Collins* instruction is required in every § 846 drug conspiracy case under the rules announced in *Apprendi* and *Alleyne*. As noted, these cases provide that any fact, other than a prior conviction, that increases the maximum sentence available or a mandatory minimum sentence, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490; *Alleyne*, 133 S.Ct. at 2162-63. For purposes of sentencing under § 841(b), which sets forth a graduated sentencing scheme with progressively increasing penalties based on threshold drug quantities, there is little doubt that drug quantity is a fact that can affect both the maximum allowable sentence and the mandatory minimum sentence. *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (en banc). This issue becomes murky, however, in a case such as the one before the court, where the drug quantity is charged in the indictment and proved beyond a reasonable doubt as to the entire conspiracy, but the jury does not make a finding regarding the drug quantity attributable to the individual defendant. *Collins* attempted to resolve this issue by requiring a jury finding regarding the drug quantity attributable to the individual defendant on trial. *See United States v. Davis*, 270 F. App'x 236, 250 (4th Cir. 2008) ("The *Collins* court harmonized *Irvin* and *Apprendi* by substantially reaffirming the holding of *Irvin* but reassigning, from the district court to the jury, the role of determining the amounts attributable to individual conspirators."). The court recognizes that an argument could be made that *Collins*, read in light of *Apprendi* and *Alleyne*, establishes a bright line rule that in every § 846 drug conspiracy case, the jury must make an individualized finding regarding the drug quantity attributable to the defendant regardless of the particular evidence adduced at trial. However, in light of *Williams* and the particular facts of this case, which clearly establish the drug quantity Fuentes personally distributed, the court finds that no *Collins* error occurred.

9

purposes of setting Fuentes's statutory sentencing range.[4] The court ultimately agreed to remove the *Collins* instruction from the final copy of the instructions.

Because Fuentes failed to object to the removal of the *Collins* instruction, if this issue was before the Fourth Circuit on appeal, Fuentes would be limited to plain error review. *Foster*, 507 F.3d at 249. Under plain error review, Fuentes would need to establish (1) that an error occurred; (2) that it was plain; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 507 U.S. at 732. As explained above, the *Foster* court concluded that because the record overwhelmingly supported a finding that Foster individually was responsible for distributing more than fifty grams of cocaine base, the error would not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732.

As in *Foster*, there is overwhelming evidence in this record that Fuentes personally distributed over 500 grams of cocaine. For example, two of the Government's witnesses testified that they had purchased over 500 grams of cocaine from Fuentes on multiple occasions. While defense counsel raised credibility issues regarding these witnesses, there was no evidence that the witnesses mistakenly identified Fuentes or that he did not personally distribute the cocaine to the witnesses. The jury presumably found these witnesses credible and the court cannot revisit that

---

[4] As the court noted in the its previous order [DE-84], under *Collins* and *Brooks* this is not always correct. Especially when there is some uncertainty regarding the particular quantity of drugs an individual member of a conspiracy distributed, a *Collins* instruction is necessary regardless of the amount of cocaine the entire conspiracy is charged with distributing in the indictment. *Collins*, 415 F.3d at 314; *Brooks*, 524 F.3d at 557-58.

10

Case 5:12-cr-00376-F   Document 111   Filed 10/23/13   Page 10 of 11

finding.[5] Thus, as in *Foster*, the record evidence in this case overwhelmingly establishes that Fuentes was individually responsible for distributing more than 500 grams of cocaine. Under these particular facts and circumstances, the court declines to notice the error because it would not affect the fairness, integrity, or public relation of judicial proceedings. *Foster*, 507 F.3d at 252.

## CONCLUSION

For the foregoing reasons, the court finds that no *Collins* error occurred in this case. In the alternative, the court declines to notice the error pursuant to the reasoning set forth in *Foster*, 507 F.3d at 249-52. The court will proceed to sentence Fuentes within the statutory sentencing range established in § 841(b)(1)(B) (five to forty years imprisonment).

SO ORDERED.

This the 22 day of October, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[5] Fuentes argues that if the court had included a *Collins* instruction, the jury could have distinguished between the two witnesses who testified to purchasing less than 500 grams of cocaine from Fuentes and the two witnesses who testified to purchasing multiple kilograms of cocaine from Fuentes over the relevant time period. Fuentes, unsurprisingly, argues that the former were more credible than the latter, and the jury would have found a drug quantity individually attributable to him below the 500 gram threshold if given the opportunity. The court does not agree. The jury instructions defined the first element of a conspiracy in this case as "two or more persons in some way or manner, came to a mutual understanding to try to accomplish the common and unlawful plan of distributing or possessing with the intent to distribute five-hundred grams or more of cocaine." By finding Fuentes guilty, the jury found that the Government had proven this element beyond a reasonable doubt. The only evidence in this case suggesting a conspiracy involving more than 500 grams of cocaine was the testimony of the two witnesses who testified to purchasing more than 500 grams of cocaine from Fuentes personally. The jury must have found these witnesses credible.

11